UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV69-3-V
(5:03CR4-13-V)

| | |
|---|---|
| KENNETH DALTON,                )
                                )
    Petitioner,                  )
                                )
        v.                       )    **O R D E R**
                                )
UNITED STATES OF AMERICA,        )
    Respondent.                  )
                                )| |

**THIS MATTER** is before the Court on review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," (Document No. 1), and Petitioner's letter in response to this Court's Order granting him additional time to file a memorandum in support of his Motion to Vacate (Document no. 4.)  In the letter, Petitioner states that he would like to withdraw his § 2255 motion but wants to be sentenced pursuant to the alternative, provisional sentence this Court pronounced at sentencing.  Because the Petitioner is still asking for relief from his sentence, this Court will construe Petitioner's letter as a Motion to Amend his Motion to Vacate.

A review of the record reflects that on January 29, 2003, Petitioner was indicted for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (Count One) and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count Nine).  Petitioner entered a straight up plea on September 8, 2003, and was sentenced by this Court on August 9, 2004 to 210 months imprisonment on each count to run concurrently.  Judgment was entered on September 20, 2004.  Petitioner did not file an appeal.

On May 11, 2005 Petitioner filed a Motion for Transcripts, pursuant to Section 2250. On August 19, 2005 this Court denied Petitioner's request for free copies of his sentencing transcript and change of plea transcript because Petitioner had not yet filed a § 2255 motion. Further, this Court advised Petitioner that pursuant to the one-year limitation period outlined in the Antiterrorism and Effective Death Penalty Act, Petitioner had to file a motion to vacate on or before September 20, 2005 in order for the motion to be considered timely filed. (See 5:03cr4, document number 567.) On August 8, 2005 Petitioner filed the instant Motion to Vacate alleging that his counsel was ineffective because; (1) his "lawyer told the court that [he] wanted to plead guilty at [his] bond hearing Sept. 8, 2003" (Complaint at 5); (2) his counsel "did not argue about count 9" (Id.); and "[he] asked the court for another lawyer and it was denied." (Id. at 6.) Petitioner also contends that his rights were violated because "count 9 was from an illegal search; [he] felt threatened by agents and officers of the court." (Id. at 5.) By Order dated, July 19, 2007[1] this Court granted Petitioner's motion for an extension to time to file a memorandum in support of his Motion to Vacate and denied Petitioner's request for transcripts. The Court allowed Petitioner thirty days to file a memorandum in support of his Motion to Vacate. Instead of filing a memorandum in support, Petitioner filed the letter referred to above, which the Court will construe as a Motion to Amend his Motion to Vacate.

**A. Claims Contained in the Motion to Vacate**

The Court will first address the claims raised in the Motion to Vacate. Petitioner contends that his counsel was ineffective for the reasons listed above.

---

[1]Due to a clerical mistake in the clerk's office, Petitioner's motion was misplaced and located sometime in June 2007.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied,

488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

In the Court's previous Order, Petitioner was cautioned that the Court had reviewed the claims presented and that as presented the claims were conclusory. The Court granted Petitioner an extension of time in which to file a memorandum of support so that he could further articulate his claims. Instead of filing such a memorandum, Petitioner filed a letter stating that he wanted to withdraw his § 2255 motion but that he also wanted to be sentenced pursuant to the

4

alternative, provisional sentence pronounced by this Court at sentencing. However, since Petitioner did not file a memorandum in support of his ineffective assistance of counsel claims or any of his claims, this Court will deny the claims contained in Petitioner's Motion to Vacate as conclusory and without merit. Furthermore, Petitioner has not established either prong of the test articulated by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 687 (1984).

**B. Motion to Amend**

Federal Rule of Civil Procedure 15 governs the procedure for amending habeas petitions. Under Rule 15(a) of the Federal Rules of Civil procedure, leave to amend shall be freely given absent bad faith, undue prejudice to the opposing party, or futility of amendment. See <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962). A cause of action barred by an applicable statute of limitations is futile and therefore an amendment based on such a cause of action can be denied. See <u>Keller v. Prince George's County</u>, 923 F.2d 30, 33 (4th Cir. 1991). However, when proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading in certain circumstances. Relation back is permitted when the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. 15(c)(2).

Here, Petitioner's Judgment was entered by this Court on September 20, 2004 and Petitioner did not file an appeal to the Fourth Circuit Court of Appeals. Therefore, Petitioner's conviction became final ten days after judgment was entered. Pursuant to the one-year limitation period outlined in the Antiterrorism and Effective Death Penalty Act, Petitioner had until one year after that in which to file all claims in his Motion to Vacate. Petitioner's letter, (Document No. 4) which this Court is construing as a Motion to Amend, was not filed until August 20, 2007,

5

that is almost two years after the time expired for filing a Motion to Vacate. Therefore, the claim contained in Petitioner's Motion to Amend asking that he be sentenced in accordance with the alternative, provisional sentence pronounced by this Court at sentencing is untimely. Furthermore, the claim does not relate back to the claims contained in Petitioner's Motion to Vacate. Indeed, the claims contained in Petitioner's Motion to Vacate do not pertain to sentencing issues. Finally, the claim is not cognizable in any event in that the Court presumes the claim is based on the Court's decision in <u>United States v. Booker and Fanfan</u>, 543 U.S. 220 (2005) and <u>Booker</u> has been held not to be retroactively applicable to cases on collateral review. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Moreover, given the post-Booker state of the law, it is not clear to what extent a downward departure or variance could be granted if the request for provisional sentence were properly before the Court.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Motion to Vacate is DENIED and

(2) Petitioner's Motion to Amend (Document No. 4) is DENIED.

**SO ORDERED**.

Signed: September 4, 2007

Richard L. Voorhees
United States District Judge